IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ATLANTIC SOUNDING CO., INC.                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 5:08-cv-307(DCB)(JMR)

TOMMY L. STEWARD                                              DEFENDANT

<u>MEMORANDUM OPINION AND ORDER OF TRANSFER</u>

This cause is before the Court on the defendant Tommy L. Steward's motion to dismiss or, in the alternative, to transfer **(docket entry 6)**, and motion to change venue **(docket entry 9)**. Having carefully considered the motions and response, the memorandum briefs and the applicable law, the Court finds as follows:

This declaratory judgment action was filed by the plaintiff Atlantic Sounding Co., Inc. ("Atlantic") on October 24, 2008, seeking a ruling on whether Atlantic is responsible for payment of maintenance and cure under the Jones Act to the defendant Tommy L. Steward ("Steward") as a result of an accident which occurred on or about June 18, 2007. On December 22, 2008, Steward filed a complaint against Atlantic in federal district court for the Eastern District of Louisiana, which seeks damages under the Jones Act and the General Maritime Law of the United States, and maintenance and cure. Atlantic moved for transfer of the Louisiana federal action to this Court, or to the Southern District of Texas. In an Order and Reasons of February 9, 2009, United States District Judge Jay C. Zainey of the Eastern District of Louisiana denied Atlantic's motion based on a balancing of the convenience factors

of 28 U.S.C. § 1404(a). Steward now seeks dismissal or transfer of this declaratory judgment action to the Eastern District of Louisiana, arguing that the convenience factors favor the Louisiana forum.

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The statute calls for a two-part inquiry, (1) "whether the action sought to be transferred is one that 'might have been brought' in the district court where the movant seeks to have the case litigated, i.e., the 'transferee' court. If so, (2) whether, considering the 'convenience of parties and witnesses' and 'the interest of justice' a transfer to the proposed district is appropriate." Hernandez v. Graebel Van Lines, 761 F.Supp. 983 (E.D. N.Y. 1991). The Eastern District of Louisiana is a proper venue pursuant to 28 U.S.C. § 1391(a)(2).

The second requirement involves weighing factors which fall into two groups: (1) those relating to the convenience of the litigants; and (2) those relating to the public interest in the fair and efficient administration of justice. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Walter Fuller Aircraft Sales v. The Rep. of the Philippines, 965 F.2d 1375, 1389 (5th Cir. 1992).

The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of

2

proof; (3) the location of key witnesses in a forum; (4) the availability of compulsory process for the attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; (5) the distance witnesses and parties would have to travel; (6) the possibility of a view of the premises, if view would be appropriate to the action; (7) the place of the alleged wrong; (8) the possibility of delay and prejudice if transfer is granted; (9) other trial expenses; and (10) all other practical matters that would tend to make the trial easy, expeditious and inexpensive. Gulf Oil, 330 U.S. at 508; Walter, 965 F.2d at 1389.

The public interest factors consist of: (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating local disputes; (4) the appropriateness of having the jurisdiction whose law will govern adjudicate the dispute in order to avoid difficult problems in conflicts of laws. Id. The party seeking transfer bears the burden of establishing that transfer to another district would best serve the interests of justice. Embree v. Cutter Biologics, 760 F. Supp. 103, 105 (N.D. Miss. 1991).

Steward, as the party seeking transfer, bears the burden of proof. Atlantic argues that because the action before this Court was filed first, this Court should neither dismiss nor transfer the declaratory judgment action. The "first-to-file" rule is not a rule per se, but "a policy governed by equitable considerations."

SW Industries, Inc. v. Aetna Casualty & Surety Co., 653 F.Supp. 631, 634 (D. R.I. 1987). The rule yields to the convenience of the parties and witnesses, and the interests of justice. Id. These are the same general considerations applicable to a transfer analysis under § 1404(a). The "first-to-file" rule cannot "trump" the transfer analysis; in other words, "when a transfer analysis under section 1404(a) dictates that a case should be transferred, this constitutes a 'compelling circumstance' that warrants an abrogation from the first-filed rule." Terra International, Inc. v. Mississippi Chemical Corporation, 119 F.3d 688, 697 n.12 (8th Cir. 1997). The Court therefore turns to the transfer analysis under § 1404(a).

In this case, the plaintiff, Atlantic, is a New Jersey corporation, with its principal place of business outside of Mississippi. Atlantic does, however, maintain a place of business in the Eastern District of Louisiana. At the time of the accident, the defendant, Steward, was working for Atlantic out of its Louisiana location, and the accident occurred in Texas. Order and Reasons, Civil Action 08-5194, Feb. 9, 2009, pp. 1-2. Steward was a resident of Rolling Fork, Mississippi, at the time this action was filed.

The fact that Atlantic maintains a place of business in the Eastern District of Louisiana is a factor weighing in favor of transfer. Access to business records, information and documentation relative to the negligence, privity and knowledge issues, as well as the availability of the crew members and other

Atlantic employees as witnesses must be considered.

The "most significant factor" in determining whether venue should be transferred "is the convenience of party and non-party witnesses." Apache Prod. Co. v. Employer's Ins., 154 F.R.D. 650, 653 (S.D. Miss. 1994). The convenience of non-party witnesses is often considered to be the most important of the two. Miot v. Kechijian, 830 F.Supp. 1460 (S.D. Fla. 1993); Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F.Supp. 667 (D. Kan. 1993). The convenience of liability witnesses is generally given more weight than the convenience of damage witnesses, because without liability there can be no damages, and because a party's damage witnesses can frequently testify by deposition without prejudice to the effectiveness of that party's presentation of its case. Kahhan v. City of Fort Lauderdale, 566 F.Supp. 736 (E.D. Penn. 1983); Schmidt v. Dog Leaders for the Blind, 544 F.Supp. 42 (E.D. Penn. 1982).

In this case, Steward recalls that at the time of his accident, several crew members on his vessel were from Louisiana, including the engineer to whom he first reported the accident. Defendant's Memorandum, p. 8. Steward also points out that he received medical treatment from doctors in both Texas and Mississippi, and that Louisiana is conveniently located between the two, should the presence of physicians at trial be required. Inasmuch as Louisiana is the Jones Act Seaman's choice of forum, Louisiana has jurisdiction over Atlantic, and Louisiana serves as a central forum convenient to both parties and to potential witnesses, the Court finds that this action should be transferred

5

to the Eastern District of Louisiana.  Accordingly,

IT IS HEREBY ORDERED that the defendant Tommy L. Steward's motion to dismiss or, in the alternative, to transfer **(docket entry 6)**, is DENIED as to the motion to dismiss and GRANTED as to the motion to transfer;

FURTHER ORDERED that the defendant's motion to change venue **(docket entry 9)** is GRANTED;

FURTHER ORDERED that this action is TRANSFERRED to the United States District Court for the Eastern District of Louisiana, where the case of Steward v. Atlantic Sounding Co., Inc., Civil Action No. 08-5194, Section "A" (5) is currently pending.  The clerk of court is directed to transfer the case.

SO ORDERED, this the 15th day of May, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE